UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRENDA GANHEART** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-43** |
| **CHARLES BROWN ET AL.** | **SECTION I** |

### ORDER AND REASONS

Before the Court is the City of New Orleans' ("City") motion to dismiss Brenda Ganheart's lawsuit. R. Doc. No. 7. Ganheart works for the City in the library. She complains about a series of actions taken by the library that she alleges violates her rights under Title VII and/or the Constitution.

Ganheart's lawsuit is not a model of clarity but, as far as the Court can tell, it appears to assert five claims: (1) a retaliation claim relating to a 2014 reprimand and demotion, R. Doc. No. 1, at 1; (2) a retaliation claim relating to a 2016 demotion, R. Doc. No. 1, at 2; (3) a retaliation claim relating to a 2015 performance evaluation, R. Doc. No. 1-1, at 3; (4) a hostile workplace claim, R. Doc. No. 1, at 2; and (5) a constitutional due process claim, R. Doc. No. 2, at 1. None of Ganheart's claims survive the City's motion to dismiss.[1]

---

[1] The Court notes that the City relied on *Kenyatta-Bean v. Housing Authority of New Orleans*, No. 04-2592, 2005 WL 3543793 (E.D. La. 2005), and *Edmonds v. New Orleans*, No. 16-298, 2017 WL 2671690 (E.D. La. 2017), to argue that this Court lacks subject matter jurisdiction to order reinstatement because the Louisiana Constitution allocates that authority to the Civil Service Commission.

That is, in many ways, a remarkable argument in a Title VII case. Congress vested this Court with jurisdiction over Title VII actions. This Court has the authority in a Title VII action to order reinstatement when a violation of Title VII

I.

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on its "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff. For the complaint to survive a motion to dismiss, the facts taken as true must state a claim that is plausible on its face. *Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d 631, 634 (5th Cir. 2014).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (internal quotation marks omitted). A complaint is insufficient if

---

has been found. *See Abner v. K.C. So. R. Co.*, 513 F.3d 154, 162 n.40 (5th Cir. 2008) ("Title VII has always provided . . . make-whole relief such as lost wages and benefits or reinstatement to the job."). So, at its heart, the City's argument was that the Louisiana Constitution strips this Court of jurisdiction conferred by Congress pursuant to its authority under Section V of the Fourteenth Amendment. *See Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976) ("We think that Congress may, in determining what is 'appropriate legislation' for the purpose of enforcing the provisions of the Fourteenth Amendment, provide for private suits against States or state officials which are constitutionally impermissible in other contexts."); *see also* U.S. Const. Art. VI, cl. 2.

Because the City withdrew its argument after questioning by the Court, R. Doc. No. 19, at 2, the Court does not address the merits of the City's jurisdictional challenge. The Court suggests, however, that the City should consider the merits of its position before raising it again in a Title VII case.

it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation omitted) (internal quotation marks omitted).

## II.

First, Ganheart's retaliation claim relating to the 2014 reprimand and demotion is untimely. The complaint and accompanying documents make clear that the events giving rise to the first claim occurred before November 12, 2014. R. Doc. No. 1-1, at 2 (noting actions by former subordinate on November 12, 2014). Ganheart did not file her EEOC claim until November 6, 2015. R. Doc. No. 1-1, at 2. As such, the charge was untimely because it was filed more than 300 days after the supposedly unlawful employment practice. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). Therefore, Ganheart's claim regarding the 2014 reprimand and demotion will be dismissed with prejudice because granting leave to amend would be frivolous.

Second, Ganheart's 2016 claim suffers from the opposite problem. Ganheart filed her EEOC charge in 2015, and that charge—for obvious reasons—did not raise the issue of her 2016 demotion. As such, Ganheart did not exhaust her administrative remedies with respect to the 2016 demotion, and so the claim must be dismissed without prejudice. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002).

Third, Ganheart's retaliation claim related to the 2015 performance evaluation does not plead that the performance evaluation was changed by any supervisor for retaliatory reasons. Instead, Ganheart merely speculates that it was "possible" that

3

it was altered by two of Ganheart's white supervisors. R. Doc. No. 1-1, at 3. Because Ganheart merely speculates as to the possibility of illegal conduct, the claim must be dismissed without prejudice. *See, e.g.*, *Crosby v. Cox Communications, Inc.*, No. 16-6700, 2016 WL 6403348, at *3 (E.D. La. 2016) (noting requirement that "a plaintiff actually allege that the defendant engaged in illegal conduct (and not just the possibility thereof)").

Fourth, Ganheart fails to plead sufficient facts to establish a hostile work environment. At best, Ganheart's complaint raises non-specific allegations of "bullying" and "close supervision." R. Doc. No. 1, at 2. Without more, those allegations do not contain sufficient factual details to plausibly allege a hostile workplace environment claim. *See Brown v. Liberty Mut. Group, Inc.*, 616 F. App'x 654, 657 (5th Cir. 2015); *Kang v. Bd. of Supervisors of La. St. Univ.*, 75 F. App'x 974, 976 (5th Cir. 2003). Therefore, the hostile work environment claim will be dismissed without prejudice.

Finally, Ganheart raises a procedural due process claim. Her claim appears to relate to the denial of certain discovery documents during an appeal in administrative proceedings. However, her threadbare allegations do not establish that her constitutional rights were violated. *See Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976). Therefore, her constitutional due process claim is dismissed without prejudice.

Accordingly,

4

**IT IS ORDERED** that the City's motion to dismiss is **GRANTED**. The 2014 retaliation claim is **DISMISSED WITH PREJUDICE**. The remainder of Ganheart's claims are **DISMISSED WITHOUT PREJUDICE**. The Court grants Ganheart leave to amend her complaint by **August 3, 2017**. Should Ganheart do so, any renewed motion to dismiss is due by **August 10, 2017**.

**IT IS FURTHER ORDERED** that Ganheart's motion in opposition to the motion to dismiss, R. Doc. No. 15, is **DENIED AS UNNECESSARY**. A party need not petition for leave to file a brief ordered by the Court.

New Orleans, Louisiana, July 24, 2017.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**